19 So.2d 556

**W. T. RAWLEIGH CO. v. BROOKS et al.**

**4 Div. 814.**

Court of Appeals of Alabama.

Oct. 31, 1944.

A. R. Powell, Jr., of Andalusia, for appellant.

Jas. A. Mulkey, of Geneva, for appellees.

RICE, Judge.

The plaintiff in the lower court (appellant, here) filed a suit against W. H. Brooks, J. A. Paul, W. G. Holley and T. C. Holley—three of whom are the appellees, here—for the sum of $376.44 as the balance alleged to have been due the plaintiff under and by virtue of a contract (in writing) entered into by and between the plaintiff and the defendants.

T. C. Holley was dead, and never served with process. Why the parties carry his name throughout the proceedings—including their briefs on file here—does not appear.

The pleadings in the case were eventually settled and the case proceeded to trial against W. H. Brooks, J. A. Paul and W. G. Holley on the plea of the general issue in short by consent. It was tried by the court, sitting without a jury.

As suggested above, the suit was on a written contract purporting to be signed by W. H. Brooks, J. A. Paul, W. G. Holley, and others not sued.

The issues drawn were between appellant and W. H. Brooks, J. A. Paul, and W. G. Holley—the latter three sued jointly and severally.

Appellees filed no plea, verified by affidavit, denying the execution of the contract mentioned.

In such situation the contract was offered in evidence by plaintiff, as the foundation of its suit. Objection by appellees to its introduction was sustained—due exception being reserved.

The contract was, however, admitted into the evidence as against the appellee W. H. Brooks—proof of its execution by him being duly made.

Code 1940, Title 7, Sec. 375, is, pertinently, in the following language, to-wit: "Every written instrument, the foundation of the suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence without proof of the execution, unless the execution thereof is denied by plea verified by affidavit * * *."

Under the plain provisions of the above Statute the learned trial court was in error in sustaining appellee's objection, as noted, to the introduction in evidence of the contract in question.

But Supreme Court Rule 45 provides in part as follows: "Hereafter (now) no judgment may be reversed or set aside, nor new trial granted by this court, or by any other court of this state, in any civil or criminal case on the ground of * * * the improper admission or rejection of evidence * * * unless in the opinion of the court to which the appeal is taken * * * after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Code 1940, Volume 7 Appendix, page 1022.

And the suit here being against the appellees named on a contract of suretyship or guaranty they all are alleged to have signed, agreeing to pay to appellant any balance due it by one Martin; and all of them being in identical positions with reference to liability; and the proof requisite to fasten liability upon one being exactly the same requisite to fasten it upon all; and the trial judge sitting without a jury rendering a judgment in favor of the defendants, we are unable to see how the erroneous rejection of the contract in evidence, as against J. A. Paul and W. G. Holley, worked any harm to appellant.

All and exactly the same evidence as to the balance due it by Martin was introduced by appellant against W. H. Brooks that could conceivably have been introduced against J. A. Paul and W. G. Holley —his joint guarantors.

There is no way we can conceive that the learned trial court's finding and judgment would have been different from what it was—conceding to him that high degree of impartiality which is his due—had the contract in question been properly admitted as to J. A. Paul and W. G. Holley.

This being our view we would not, of course, under the specific provisions of Supreme Court Rule 45, supra, be justified in ordering a reversal of the judgment because of the error pointed out.

No other material ruling is argued to us as error calling for a reversal of the judgment below.

And the same is affirmed.

Affirmed.